PER CURIAM.
The Attorney General has requested this Court to review an initiative petition to amend the Florida Constitution to establish the right of citizens to choose their health care providers. We have jurisdiction. Art. IV, § 10; art. V, § 3(b)(10), Fla. Const.
In response to the Attorney General’s request, we issued an order permitting interested parties to file briefs and heard oral arguments on the validity of the proposed amendment. For the reasons expressed, this Court finds that the proposed initiative violates both the single-subject requirement of article XI, section 3 of the Florida Constitution and the requirements of section 101.161, Florida Statutes (1995), that the ballot title and summary properly inform the voters of the amendment’s complete meaning. Overall, the proposed amendment is vague and fails to completely inform voters of the impact that the initiative will have on existing laws and the Florida Constitution. Consequently, we do not approve the proposed initiative for placement on the ballot.
The initiative petition in this case is titled: “RIGHT OF CITIZENS TO CHOOSE HEALTH CARE PROVIDERS.” The ballot summary provides:
Establishes the right of citizens to choose health care providers. This provision prevents insurance companies, managed care personnel, employers, and other such third parties from controlling a citizen’s selection of health care providers; requiring provision for choice of health care providers in future contracts providing care under programs such as those organized under Chapter 440, Chapter 627, Chapter 636 and Chapter 641, Florida Statutes.
The full text of the proposed amendment provides:
Article I of the Constitution of the State of Florida is hereby amended to add the following:
1) “SECTION 24. Right to Select Health Care Providers.-
(a) The right of every natural person to the free, full and absolute choice in the selection of health care providers, licensed in accordance with state law, shall not be denied or limited by law or contract.
(b) This section shall not be construed to limit the authority of the state to regulate health care providers to ensure the preservation of the health, safety and welfare of the public.”
2) This amendment shall take effect on the date it is approved by the electorate, however, this section shall not be applied to impair the obligations of contracts existing and in force at the time this section takes effect.
In reviewing the propriety' of the initiative, this Court does not rule on the merits or wisdom of the proposal. Advisory Opinion to the Attorney General re Tax Limitation, 644 So.2d 486, 489 (Fla.1994). This Court’s responsibility in analyzing a proposed amendment is limited to two legal issues: (1) whether the proposed amendment meets the single-subject requirements of article XI, section 3 of the Florida Constitution; and (2) whether the proposed amendment’s title and summary are “printed in clear and unambiguous language,” as provided in section 101.161(1), Florida Statutes (1995). Tax Limitation, 644 So.2d at 489-90. We find that the instant petition violates both requirements. In fact, the proposed, ballot initiative incorporates numerous defects that have proven fatal to other proposed amendments in the past.
In evaluating whether a proposed amendment violates the single-subject requirement, this Court must determine whether the amendment deals with a “logical and natural oneness of purpose.” Fine v. Firestone, 448 So.2d 984, 990 (Fla.1984). Furthermore, “we must consider whether the proposal affects separate functions of government and how the proposal affects other provisions of the constitution.” In re Advisory Opinion to the Attorney General — Restricts Laws Related to Discrimination, 632 So.2d 1018, 1020 (Fla.1994); accord Fine, 448 So.2d at 990. Thus, it is imperative that an initiative identify the provisions of the constitution substantially affected by the proposed amendment in order for the public to fully comprehend the contemplated changes and *566 to ensure that the initiative’s effect on other unnamed provisions is not left unresolved and open to various interpretations. Tax Limitation, 644 So.2d at 490.
Here the initiative is significantly-flawed in many respects in regard to the single-subject requirement. However, we address only one of these defects.[1] The proposed amendment combines two distinct subjects by banning limitations on health care provider choices imposed by law and by prohibiting private parties from entering into contracts that would limit health care provider choice. The amendment forces the voter who may favor or oppose one aspect of the ballot initiative to vote on the health care provider issue in an “all or nothing” manner. Thus, the proposed amendment has a prohibited logrolling effect and fails the single-subject requirement.
The proposed amendment also violates the ballot title and summary requirement. Section 101.161(1) provides in pertinent part:
Whenever a constitutional amendment or other public measure is submitted to the vote of the people, the substance of such amendment or other public measure shall be printed in clear and unambiguous language on the ballot....
This requirement is intended “to provide fair notice of the content of the proposed amendment so that the voter will not be misled as to its purpose, and can cast an intelligent and informed ballot.” Advisory Opinion to Attorney General Fee on Everglades Sugar Production, 681 So.2d 1124, 1127 (Fla.1996). This Court has previously determined that section 101.161(1) “requires that the ballot title and summary for a proposed constitutional amendment state in clear and unambiguous language the chief purpose of the measure.” Askew v. Firestone, 421 So.2d 151, 154-55 (Fla.1982). Our responsibility is to determine whether the language of the title and summary, as written, misleads the public.
We find that the proposed amendment violates this basic principle because the language is overly vague. This is exemplified by the ballot summary asserting that “citizens” will have the right to choose health care providers while the language of the amendment grants the right to “every natural person.” This discrepancy between “natural person” and “citizens” is material and misleading. This divergence in terminology is ambiguous in that it leaves voters guessing whether the terms are intended to be synonymous or whether the difference in terms was intentional. We also find that the proposed amendment creates an illusory right to choose a health care provider when in fact it would severely limit an individual’s ability to enter into a health care contract. As such, this ambiguity violates section 101.161 and causes the proposed amendment to be fatally defective.
Accordingly, we hold that the proposed amendment entitled “Right of Citizens to Choose Health Care Providers” should be stricken from the ballot for failure to meet both the statutory and the constitutional requirements.
It is so ordered.
KOGAN, C.J., OVERTON, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
SHAW, J., concurs in result only.

. We note that the proposed amendment also fails the single-subject requirement because it would significantly affect the legislative and executive branches of government as well as local governments and would impact the constitutional rights of privacy and to bargain collectively.