POLSTON, J.,
dissenting.
I would not approve the Voter Control of Gambling Initiative for placement on the ballot because it is both misleading and violates the single-subject requirement.
When addressing the clarity requirements of section 101.161(1), Florida Statutes, this Court has explained that “a ballot title and summary cannot ‘fly under false colors’ or ‘hide the ball’ with regard to the true effect of an amendment.” Fla. Dep’t of State v. Slough, 992 So.2d 142, 147 (Fla. 2008). Further, regarding whether an initiative violates the single-subject requirement of article XI, section 3 of the Florida Constitution, this Court has explained that “we must consider whether the proposal affects separate functions of government and how the proposal affects other provisions of the constitution.” In re Advisory Op. to Att’y Gen.—Restricts Laws Related to Discrimination, 632 So.2d 1018, 1020 (Fla. 1994).
Here, the ballot title and summary do not clearly inform the public that the proposed amendment may substantially affect slot machines approved by county-wide re-ferenda pursuant to article X, section 23, Florida Constitution, or pursuant to validly enacted statutes. Although the ballot summary references article X of the Florida Constitution, there is no explanation whatsoever of how the proposal affects the slot machines constitutional provision found there. See Advisory Op. to Att’y Gen.— Ltd. Political Terms in Certain Elective Offices, 592 So.2d 225, 228 (Fla. 1991) (“A ballot summary may be defective if it omits material facts necessary to make the summary not misleading.”); Askew v. Firestone, 421 So.2d 151, 156 (Fla. 1982) (“The problem, therefore, lies not with *1219 what the summary says, but, rather, with what it does not say”). As a result, the public cannot fully comprehend how the initiative will affect article X, and the initiative’s effect is left unresolved and open to multiple interpretations. See Advisory Op. to Att’y Gen. re Right of Citizens to Choose Health Care Providers, 705 So.2d 563, 565-66 (Fla. 1998) (“[I]t is imperative that an initiative identify the provisions of the constitution substantially affected by the proposed amendment in order for the public to fully comprehend the contemplatr ed changes and to ensure that the initiative’s effect on other unnamed provisions is not left unresolved and open to various interpretations.”).
The initiative is placing voters in the position of deciding between a preference for controlling the expansion of full-fledged casino gambling and Florida’s current legal gaming landscape. See id. at 566 (striking initiative because “[t]he amendment forces the voter who may favor or oppose one aspect of the ballot initiative to vote on the health care provider issue in an ‘all or nothing’ manner”). And it is doing so without clearly informing the voters that this is the choiee they are making. See Advisory Op. to Att’y Gen. re 1.35% Prop. Tax Cap, Unless Voter Approved, 2 So.3d 968, 974 (Fla. 2009) (striking initiative and explaining that “the ballot must give the voter fair notice of the decision he must make”).
Accordingly, I would not approve this initiative for placement on the ballot.
I respectfully dissent.
LEWIS, J., concurs.