# Supreme Court of Florida

_____

No. SC19-1165
_____

**ADVISORY OPINION TO THE ATTORNEY GENERAL RE:
CITIZENSHIP REQUIREMENT TO VOTE IN FLORIDA ELECTIONS.**

January 16, 2020

PER CURIAM.

The Attorney General of Florida has requested this Court's opinion as to the

validity of an initiative petition circulated pursuant to article XI, section 3 of the

Florida Constitution.  We have jurisdiction.  *See* art. IV, § 10; art. V, § 3(b)(10),

Fla. Const.  We approve the proposed amendment for placement on the ballot.

## BACKGROUND

On July 15, 2019, the Attorney General petitioned this Court for an advisory

opinion regarding the validity of an initiative petition sponsored by Florida Citizen

Voters (the Sponsor) and titled "Citizenship Requirement to Vote in Florida

Elections."  Namely, the Attorney General asks whether the proposed amendment

complies with the single-subject requirement of article XI, section 3 of the Florida

Constitution, and whether the ballot title and summary of the proposed amendment

comply with the clarity requirements of section 101.161(1), Florida Statutes (2019). We invited briefing from interested parties regarding the validity of the initiative petition. We received one brief, from the Sponsor, arguing in favor of the proposed amendment. And we received no briefs in opposition to the proposed amendment. On October 21, 2019, we dispensed with oral argument.

The full text of the proposed amendment, which would amend article VI, section 2 of the Florida Constitution, provides:

ARTICLE VI. Section 2. Electors.

~~Every citizen~~ <u>Only a</u> citizen of the United States who is at least eighteen years of age and who is a permanent resident of the state, if registered as provided by law, shall be an elector of the county where registered.[1]

The ballot title for the proposed amendment is: "Citizenship Requirement to Vote in Florida Elections." And the ballot summary states:

This amendment provides that only United States Citizens who are at least eighteen years of age, a permanent resident of Florida, and registered to vote, as provided by law, shall be qualified to vote in a Florida Election.

---

1. The proposed amendment contains a de minimis drafting error in that the proposed amendment either inadvertently strikes or inadvertently neglects to underline the word "citizen." The text of the proposed amendment should have been drafted in relevant part either as "~~Every~~ <u>Only a</u> citizen of the United States" or as "~~Every citizen~~ <u>Only a citizen</u> of the United States." Because it is abundantly clear that the word "citizen" is not being permanently stricken from article VI, section 2, we conclude that there is no reasonable probability of any voter confusion and that this scrivener's error is not a basis for invalidating the proposed amendment.

# ANALYSIS

## Standard of Review

In reviewing the validity of an initiative petition, "[t]his Court has traditionally applied a deferential standard of review." *Advisory Op. to Att'y Gen. re Use of Marijuana for Certain Med. Conditions* (*Medical Marijuana I*), 132 So. 3d 786, 794 (Fla. 2014). "[T]he Court limits its inquiry to two issues: (1) whether the amendment itself satisfies the single-subject requirement of article XI, section 3, Florida Constitution; and (2) whether the ballot title and summary satisfy the clarity requirements of section 101.161, Florida Statutes." *Advisory Op. to Att'y Gen. re Water & Land Conservation—Dedicates Funds to Acquire & Restore Fla. Conservation & Recreation Lands*, 123 So. 3d 47, 50 (Fla. 2013). "In order for the Court to invalidate a proposed amendment, the record must show that the proposal is clearly and conclusively defective on either ground." *Advisory Op. to Att'y Gen. re Amendment to Bar Gov't from Treating People Differently Based on Race in Pub. Educ.*, 778 So. 2d 888, 891 (Fla. 2000).

Here, no briefs were submitted in opposition to the initiative petition. And our independent review—which is limited to two issues—yields no basis for concluding that the initiative petition meets the "high threshold" of being "clearly and conclusively defective." *Advisory Op. to Att'y Gen. re Limits or Prevents Barriers to Local Solar Elec. Supply*, 177 So. 3d 235, 246 (Fla. 2015).

**Single-Subject Requirement**

Article XI, section 3 of the Florida Constitution provides that initiative petitions like the one here "shall embrace but one subject and matter directly connected therewith." The purpose of this single-subject requirement is to "prevent[] a proposal 'from engaging in either of two practices: (a) logrolling; or (b) substantially altering or performing the functions of multiple branches of state government.' " *Medical Marijuana I*, 132 So. 3d at 795 (quoting *Water & Land Conservation*, 123 So. 3d at 50-51). "A proposed amendment meets this test when it 'may be logically viewed as having a natural relation and connection as component parts or aspects of a single dominant plan or scheme.' " *Advisory Op. to Att'y Gen. re Fairness Initiative Requiring Legislative Determination that Sales Tax Exemptions & Exclusions Serve a Pub. Purpose*, 880 So. 2d 630, 634 (Fla. 2004) (quoting *Fine v. Firestone*, 448 So. 2d 984, 990 (Fla. 1984)). In other words, the proposed amendment must have "a logical and natural oneness of purpose." *Advisory Op. to Att'y Gen. re Voting Restoration Amendment*, 215 So. 3d 1202, 1206 (Fla. 2017) (quoting *Advisory Op. to Att'y Gen. re Rights of Elec. Consumers Regarding Solar Energy Choice*, 188 So. 3d 822, 827 (Fla. 2016)). Here, the proposed amendment meets this test. It does not engage in either of the two prohibited practices.

Beginning with the first prohibited practice of "logrolling," this Court has defined that practice as "a practice wherein several separate issues are rolled into a single initiative in order to aggregate votes or secure approval of an otherwise unpopular issue." *Advisory Op. to Att'y Gen.—Save Our Everglades*, 636 So. 2d 1336, 1339 (Fla. 1994). The proposed amendment does not logroll. It merely makes a minor change to existing constitutional language. That is, it amends article VI, section 2—a constitutional provision that "discusses voter qualifications," *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. Hood*, 885 So. 2d 373, 375 (Fla. 2004)—by replacing the word "Every" with "Only a." In doing so, the proposed amendment makes directly clear that United States citizenship and the other items set forth in article VI, section 2 are voter eligibility requirements. Those voter eligibility requirements are "component parts or aspects of a single dominant plan or scheme," *Sales Tax Exemptions & Exclusions*, 880 So. 2d at 634 (quoting *Fine*, 448 So. 2d at 990), to constitutionalize certain language to make clear that only United States citizens who satisfy those requirements may participate in Florida elections.

As to the second prohibited practice, the proposed amendment does not "substantially alter[] or perform[] the functions of multiple branches of state government." *Medical Marijuana I*, 132 So. 3d at 795 (quoting *Water & Land Conservation*, 123 So. 3d at 50-51). In fact, it does not appear that the proposed

- 5 -

amendment will alter—let alone substantially alter—any functions of any branches of state government. Although article VI, section 2 currently uses the inclusionary word "Every" as it relates to electors, the relevant voter-eligibility statute uses the exclusionary word "only." *See* § 97.041(1)(a), Fla. Stat. (2019). The proposed amendment simply constitutionalizes that statutory language.

## Ballot Title and Summary

Section 101.161(1), Florida Statutes, sets forth the following requirements for ballot titles and summaries:

> (1)  Whenever a constitutional amendment or other public measure is submitted to the vote of the people, a ballot summary of such amendment or other public measure shall be printed in clear and unambiguous language on the ballot after the list of candidates, followed by the word "yes" and also by the word "no," and shall be styled in such a manner that a "yes" vote will indicate approval of the proposal and a "no" vote will indicate rejection. . . .  The ballot summary of the amendment or other public measure shall be an explanatory statement, not exceeding 75 words in length, of the chief purpose of the measure. . . .  The ballot title shall consist of a caption, not exceeding 15 words in length, by which the measure is commonly referred to or spoken of.

The purpose of these statutory requirements is "to ensure that the ballot summary and title 'provide fair notice of the content of the proposed amendment' to voters so that they 'will not be misled as to [the proposed amendment's] purpose, and can cast an intelligent and informed ballot.' " *Advisory Op. to Att'y Gen. re Voter Control of Gambling*, 215 So. 3d 1209, 1215 (Fla. 2017) (alteration in original) (quoting *Advisory Op. to Att'y Gen. re Right of Citizens to Choose Health Care*

- 6 -

*Providers*, 705 So. 2d 563, 566 (Fla. 1998)). In determining whether a ballot title and summary comply with section 101.161(1), this Court "consider[s] two questions: (1) whether the ballot title and summary, in clear and unambiguous language, fairly inform the voters of the chief purpose of the amendment; and (2) whether the language of the ballot title and summary, as written, will be affirmatively misleading to voters." *Medical Marijuana I*, 132 So. 3d at 797.

Here, the ballot title and summary easily meet the respective word-limitation requirements of section 101.161(1). The ballot title and summary also fairly inform the voters of the chief purpose of the proposed amendment and do not affirmatively mislead the voters.

In analyzing whether a ballot title and summary clearly and unambiguously inform the voters of the chief purpose of a proposed amendment, this Court must evaluate the amendment's chief purpose. We do so by "look[ing] . . . to objective criteria inherent in the amendment itself, such as the amendment's main effect." *Fla. Dep't of State v. Fla. State Conference of NAACP Branches*, 43 So. 3d 662, 667 (Fla. 2010) (quoting *Armstrong v. Harris*, 773 So. 2d 7, 18 (Fla. 2000)). Here, the proposed amendment's "main effect" is to make directly clear that only United States citizens who satisfy the requirements of article VI, section 2 are eligible to vote. The proposed amendment achieves this effect by replacing inclusionary language with exclusionary language. *See* § 97.041(1)(a), Fla. Stat. The ballot

title references a "[c]itizenship [r]equirement," and the ballot summary informs voters in no uncertain terms "that only United States Citizens who are at least eighteen years of age, a permanent resident of Florida, and registered to vote, as provided by law, shall be qualified to vote in a Florida Election." The ballot title and summary do not affirmatively state that the proposed amendment " 'creates' or 'establishes,' " *Cty. of Volusia v. Detzner*, 253 So. 3d 507, 511 (Fla. 2018), a citizenship requirement—or any other requirement—for voting. Instead, the ballot summary "accurately describes," *id.*, in part that "only United States Citizens . . . shall be qualified to vote in a Florida Election." That statement "in fact is true." *Advisory Op. to Att'y Gen. re Right to Treatment & Rehab.*, 818 So. 2d 491, 498 (Fla. 2002).

In the end, the ballot title and summary "comply with section 101.161(1) because they are not clearly and conclusively defective." *Solar Energy Choice*, 188 So. 3d at 825. Indeed, they are "accurate and informative." *Advisory Op. to Att'y Gen. re Med. Liab. Claimant's Comp. Amendment*, 880 So. 2d 675, 678 (Fla. 2004). Far from being "affirmatively misleading," *Medical Marijuana I*, 132 So. 3d at 797, the ballot summary largely recites in full what would be the entirety of article VI, section 2, as amended. *See Voting Restoration Amendment*, 215 So. 3d at 1208 ("[T]he ballot title and summary also do not mislead voters with regard to the actual content of the proposed amendment. Rather, together they recite the

language of the amendment almost in full.").  The summary thus "accurately describe[s] the scope of the text of the amendment."  *Advisory Op. to Att'y Gen. re Term Limits Pledge*, 718 So. 2d 798, 804 (Fla. 1998).

## CONCLUSION

We conclude that the proposed amendment complies with the single-subject requirement of article XI, section 3 of the Florida Constitution, and that the ballot title and summary comply with section 101.161(1), Florida Statutes.  Accordingly, we approve the proposed amendment for placement on the ballot.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceedings – Advisory Opinion – Attorney General

Ashley Moody, Attorney General, Amit Agarwal, Solicitor General, and John Guard, Chief Deputy Solicitor General, Tallahassee, Florida,

for Petitioner

James A. McKee, Tallahassee, Florida, and W. Bradley Russell of Foley & Lardner, LLP, Jacksonville, Florida,

for Interested Party, Florida Citizen Voters